No. 2227

Second Circuit

———

ETCHISON  v.  RICHARDSON  OIL  CO.

———

(April 8, 1927.  Opinion and Decree.)
(May 13, 1927.  Rehearing Refused.)

———

(*Syllabus by the Editor*)

1. **Louisiana Digest—Petitory and Possessory Actions—Par. 36.**

In a petitory action, the plaintiff carries the burden of proof to establish the boundary lines.

2. **Louisiana Digest—Petitory and Possessory Actions—Par. 36, 38, 39; Surveyors and Surveys—Par. 24.**

Where the plaintiff in a petitory action fails to prove the boundary lines because the survey made was not in accord with the rules promulgated by the United States for restoring lost or obliterated corners and lines, there should be judgment dismissing the case as of non-suit.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Mrs. Mattie E. Etchison against Richardson Oil Company, Inc., et al.

There was judgment for defendant and plaintiff appealed.

Judgment amended and affirmed dismissing suit as of non-suit.

Bullock & Warren, of Shreveport, attorneys for plaintiff, appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant, appellee.

WEBB, J.  The plaintiff, M. E. Etchison, is the owner, in indivision with R. L. Mayfield, of a tract of land of ten acres lying in the south half of the northeast quarter of the northwest quarter of Section thirty-two, Township twenty-one north, Range fifteen west, of Caddo parish, Louisiana, and defendant, Richardson Oil Company, Inc., is the owner of a tract of land adjoining the same on the west.

The defendant has a mineral lease on the land owned by plaintiff, and plaintiff, contending that defendant has drilled an oil well on the property owned by her and R. L. Mayfield, seeks to force the defendant to account to her for her proportionate amount of the royalties under the lease; and as an incident to the action she prayed for service on her co-owner as well as on defendant; but the record does not show that service was made on Mayfield nor does it appear that a default was entered against him or that he answered; while defendant, Richardson Oil Company, Inc., answered denying plaintiff's allegations and setting up that the well was not located on the property owned by plaintiff and R. L. Mayfield but on the adjoining property belonging to it and suggested that surveyors be appointed to assist the court in locating the well.

No order was filed for the appointment of surveyors, and on trial the parties relied solely on the testimony of the respective surveyors who had been employed by them to run the line between the properties; and plaintiff appeals from a judgment rejecting her demands.

## OPINION

While it is apparent that the rights of the parties are dependent upon the correct location of the boundary line between the properties, and while all of the evidence offered related to the location of the boundary, the action does not appear to have been considered by the parties as an action of boundary, and neither took any exceptions to the judgment which did not fix the bounds or order a survey of the property, and we must assume that the action was considered by the parties as in the nature of a petitory action, in which the plaintiff carried the burden of proof to establish the correct location of the line between the properties (Russell vs. Producers Oil Co., 143 La. 217, 78 South. 473); and from this point of view the trial court must have concluded that plaintiff had failed to establish the correct line and therefore rejected her demands.

The properties are located in Section 32, Township 21 north, Range 15 west, and the line and point of departure to be preliminarily established is the line between the east half and the west half of the northwest quarter of said section, and the center of said northwest quarter, neither of which was established in the original surveys but must be fixed with reference to the boundaries and corners of the section.

The copy of the government map and the testimony of the surveyors show that the government survey of the southern tiers of that township was made by different surveyors, the first survey having been made in 1838 and the latter in 1871, and that in the latter survey some of the lines which had been run in the former survey were retraced, and the map or plan filed in evidence purports to show the survey of some of the sections as run by the surveyor in 1838 and of the others as run and retraced by the surveyor in 1871; and while the evidence does not show which of the lines was run and which was retraced by the surveyor in 1871 it appears that the latter survey, or the survey of 1871, was made for the purpose of establishing the lines or bounds of Sections 31, 32, 33 and 34, and the corners established or re-established in that survey were all of the lines and corners affecting said sections.

It further appears that the corners at the northwest and southwest of Section 31 were found by the surveyors, or they agree to the locations of those corners, but that all other corners affecting the lower tiers of Sections 31, 32, 33 and 34 have been obliterated, and that in locating the agreed point of departure the surveyors followed the following method:

The surveyors employed by defendant started at the southwest corner of Section thirty-one, a point which the parties agree and the evidence shows as properly located, thence they ran east one mile in accordance with the plat, thence one-quarter of a mile east, the course being the same as called for by the plat, and the distance being one-fourth of the length of the south line of Section thirty-two as called for by the field notes, thence they ran north three-fourths of a mile (which line is supposed to have been parallel with the west line of Section thirty-two, the course being the same as called for by map for that line and the distance being three-fourths of the distance called for by the said west line of Section thirty-two)

where they established their point of departure or the center of the northwest quarter of Section thirty-four, from whence they established the line between the properties and found that the well was twenty-three feet to the west of the line established and on the Richardson property.

The surveyor for plaintiff also began at the southwest corner of Section thirty-one; thence he ran east as the surveyors for plaintiff, one mile and a quarter, and then he went to the northwest corner of Section thirty, which corner is shown and admitted to be correctly located, and from thence he ran a line to the northwest corner of Section thirty-four and found there was a surplus of one hundred and forty-three feet, and he prorated that surplus to the north line of each of the Sections 31, 32, 33 and 34, and from the northwest corner of Section thirty-one he ran east the distance called for by the plat, plus the surplus, and fixed the point, or northeast corner of northwest quarter of northwest quarter of Section thirty-two, thence he ran a line to the point which had been established by him in measuring a mile and a quarter east from the southwest quarter of Section thirty-two, the surveyor fixed the center of the northwest quarter of Section thirty-two and thence ran the line between the properties and found that the well was located forty-three feet east of the line on the Etchison property.

None of the points used by the surveyors with the exception of the southwest and the northwest corners of Section thirty-one and the northeast corner of Section thirty-four, appear to have been established by the original surveys by the Government, and the parties have filed in evidence rules promulgated by the United States for restoring lost or obliterated corners and lines, but so far as we can determine neither of the surveyors followed such rules. (Houston Ice & Brewing Co. vs. Murray Oil Co., 149 La. 228, 88 South. 802.)

As previously stated, all of the original monuments at the corners and quarter section corners of Section thirty-two have been obliterated, and the nearest corners to the properties of the plaintiff and defendant would be the quarter section corners between the northwest and the southwest corners of Section thirty-two and between the northeast corner of Section thirty-two and the northwest corner of Section thirty-two, and in the rules for the resurvey of the lines in sections or subdivisions of the sections it is stated:

"Preliminary to subdivision it is most essential to know the actual boundaries of the section as it cannot be legally subdivided until the section corners and quarter section corners have either been found or restored by the preceding methods and the resulting courses and distances determined by survey. The practice of entering a section to survey a tract from only one or two corners and those perhaps unreliable is unwarranted and may result in litigation. The order of procedure is: First, re-establish the obliterated boundary, next fix the lines of quarter sections, then form smaller tracts by equitable and proportionate measurements, etc."

The surveyor appearing for defendant did not attempt to fix the boundaries of Section thirty-two, nor does it appear that he fixed any one of the corners in the section; and while it may be that one may be able to take his map in consideration with his testimony and determine the location of the northwest corner of Section thirty-two, that is, the distance which

he would locate it from the northwest corner of Section thirty-one, we think the location would be in conflict with his map, and while apparent error does not appear in the survey made by the surveyor appearing for plaintiff, it does not appear from his map and testimony that he established the boundaries of Section thirty-two, although it may be that an expert surveyor would be able to determine the location of the boundaries from his map and testimony; but it appears certain that he did not follow the rule, as stated above, in making his survey.

This is not a boundary suit but more in the nature of a petitory action, and the plaintiff carried the burden of proof to establish that the well was located upon her property (Russell vs. Producers Oil Co., 143 La. 217, 78 South. 473); and as we find that the evidence does not show the survey to have been made in accord with the rules admitted by the parties to be correct she cannot recover.

The question of fact upon which the rights of the parties is to be determined is the correct location of a boundary, and such being the case we are of the opinion that when the evidence in such cases is not sufficient to satisfy the court of the correct location of the boundary, or when the survey was not made in accordance with the rules admitted to be correct, that the plaintiff's demands should be dismissed as of non-suit rather than rejected.

It is therefore ordered that the judgment appealed from be amended and that plaintiff's demands be rejected as of non-suit; all costs to be paid by plaintiff.